PEARSON, Judge
(dissenting).
The majority opinion reaches the conclusion that the obligation created by the contract between the plaintiff-appellant and the defendant-appellee' was a joint obligation and thereupon affirmed the dismissal •of the complaint for the failure to join the party jointly liable with the defendant. It is clear from the authorities cited that ■obligations such as here alleged may be joined in one suit. That is, there is no need for two suits: the first against a person alleged to be primarily liable and the second against the person found to be a guarantor or surety. But the question presented upon this appeal goes a step further, it is whether the two promisors must be joined together in the same suit.
If there is only one promise and-two or more join in that promise then the action must be against all available. See 1 Restatement, Contracts § 118 (1932). But it seems to me that we are here dealing with two promises, and the question is whether the liability of one promisor is dependent or contingent, by the terms of the contract, upon the liability of the other promisor. In my view it does not appear as a matter of law upon motion to dismiss that they are thus dependent. Therefore, until it does so appear, the obligations may be enforced together but not necessarily in the same suit. This view is conducive to a prompt determination of the alleged liability and does not prevent a just disposition of the liabilities created.[1]'